```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MELINDA NEAL-MYERS,

                      Plaintiff,

vs.                              Case No.   2:11-cv-654-FtM-29DNF

FLORIDA DEPARTMENT OF CORRECTIONS,

                      Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss the Second Amended Complaint (Doc. #29) filed on August 23, 2012.  Plaintiff filed a response on September 10, 2012.  (Doc. #32.)[1]  For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

**A. Procedural History**

Some procedural history in this case is warranted.  On November 10, 2011, plaintiff Melinda Neal-Myers (Neal-Myers or plaintiff) and Ashley M. Cross (Cross) filed a six-count Complaint against defendant Secretary, Department of Corrections (DOC or defendant).  Defendant filed a motion to dismiss, and in response,

---

[1] As will be discussed in more detail below, this case was administratively closed on October 19, 2012.  Plaintiff's response was filed while she was still represented by counsel.  Counsel has since withdrawn from this action, and plaintiff is proceeding *pro se*.  On January 23, 2013, plaintiff notified the Court that she wished to proceed utilizing her previous counsel's response to the motion rather than filing a response of her own.  (Doc. #55.)

plaintiff and Cross filed an Amended Complaint. (Doc. #16.) Thereafter, defendant filed a second motion to dismiss (Doc. #18). On July 9, 2012, the Court dismissed without prejudice two of plaintiff's counts and provided another opportunity to amend. (Doc. #27.) On August 9, 2012, plaintiff and Cross filed a Second Amended Complaint, which is now the operative pleading in this case. (Doc. #28.) Defendant filed the subject motion to dismiss on August 23, 2012. (Doc. #29.)

Thereafter, on October 17, 2012, the parties notified the Court that they had successfully mediated the claims and the Court administratively closed the case. (Doc. #35.) On October 26, 2012, defendant filed a Motion to Enforce the Settlement as to Neal-Myers. (Doc. #38.) On November 1, 2012, Cross filed a Notice of Voluntary Dismissal. (Doc. #39.) On November 5, 2012, Neal-Myers's counsel filed a motion to withdraw as her attorney. (Doc. #40.) On November 14, 2012, the Court denied defendant's motion to enforce the settlement but granted counsel's request to withdraw from the case. The Court also dismissed Cross's claims with prejudice. (Doc. #43.) The case was re-opened on the same day.

**B. Factual Allegations**

Because Cross is no longer a party to this action, the Court will only recite the factual allegations in the Second Amended

Complaint as they relate to Neal-Myers.[2]  The Second Amended Complaint alleges the following:

Neal-Myers is an African American and was employed as a state correctional officer at the DeSoto Correctional Institution in Arcadia, Florida from on or about June 1, 2001, until on or about April 11, 2011.  Plaintiff satisfactorily performed all of her job duties at all relevant times.  Plaintiff asserts that Lieutenant Carrie Rector (Lt. Rector) became one of her supervisors in or about July, 2010.  Lt. Rector provided white employees with more favorable duties than African American employees, "including duties where such employees sat on the perimeter of the facility and did not have to interact with inmates."  (Doc. #28, ¶20.)  In September of 2010, Neal-Myers complained about this treatment and was reprimanded by Lt. Rector.[3]

On or about October 2, 2010, Neal-Myers, Cross, and another African-American correctional officer were outside of a DOC building having a conversation.  Another white supervisor, Lieutenant Tucker[4] (Lt. Tucker) informed the three individuals that "they were to separate from each other [sic]."  (Doc. #28, ¶25.) Neal-Myers asserts that white officers are permitted to spend

---

[2]Certain factual allegations relate solely to Cross.  (See, e.g. doc. #28, ¶23.)

[3]The nature of the reprimand is not alleged.

[4]Lt. Tucker's full name is not alleged.

extended periods of time gathering without facing discipline or criticism. That same day, Neal-Myers, Cross, and the other African American correctional officer were informed that there were "issues" with them "gathering" and that they would have to attend a meeting regarding the situation.

The meeting was held the same day and attended by Neal-Myers, Cross, the other African-American correctional officer, Lt. Rector, Lt. Rector's white supervisor, Captain Kilgo, and two white Sergeants. Neal-Myers questioned the reason for the meeting and Lt. Rector screamed at plaintiff complaining that Neal-Myers was calling her a racist. The following day, Neal-Myers and Cross spoke to the Warden of the facility regarding the racial discrimination. Neal-Myers and Cross were then transferred to a different location. On or about January 31, 2011, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). She was terminated on April 11, 2011.

Plaintiff's Amended Complaint asserts two-counts against defendant. Count I asserts a claim for discrimination based upon race/color and Count II asserts a claim for retaliation. Both claims are brought pursuant to Title VII. Defendant asserts that the Amended Complaint is untimely, plaintiff has failed to exhaust her administrative remedies, Neal-Myers and Cross's claims were improperly joined, and Count I improperly asserts more than one

cause of action or otherwise fails to state a claim. Plaintiff argues to the contrary.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent

-5-

with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Timeliness**

The DOC asserts that plaintiff's Second Amended Complaint is untimely and should be dismissed. Specifically, the DOC contends that this Court's July 9, 2012, Order required plaintiff to file a Second Amended Complaint on or before July 30, 2012. Plaintiff did not file the Second Amended Complaint until August 9, 2012, and therefore, it should be dismissed. In response, plaintiff concedes that the Second Amended Complaint was untimely filed due to mis-calendering by counsel's secretary and requests that the Court excuse the plaintiff under Fed. R. Civ. P. 6(b) and allow her to proceed on her claims.

Under Fed. R. Civ P. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Court finds excusable neglect under the Pioneer

Inv. Serv. Co. V. Brunswick Assocs. Lt. P'ship, 507 U.S. 380, 395 (1993) balancing of factors. The Court will not dismiss the Second Amended Complaint for a ten-day delay caused simply by human error and where no prejudice to defendant has been shown or alleged. The motion to dismiss on this basis is denied.

**B.  Failure to Exhaust**

Defendant next asserts that plaintiff's Second Amended Complaint should be dismissed because plaintiff did not exhaust her state administrative remedies under Fla. Stat. § 110.227 prior to initiating her claims. Plaintiff responds that this Florida Statute is not applicable. The Court agrees.

Plaintiff cites to no law which stands for the proposition that Fla. Stat. § 110.227's administrative remedies must be exhausted prior to the initiation of a Title VII action. Such a proposition contradicts the plain language of the statute. Under Fla. Stat. § 110.227, an employee who has completed over a one-year probationary period is a career services employee and may only be suspended or dismissed for cause. Fla. Stat. § 110.227(1). On the face of the Second Amended Complaint, Neal-Myers was employed by the DOC for well over one-year, and is a career service employee. The statute further provides for a grievance procedure, as follows:

> A grievance process shall be available to career service employees who have satisfactorily completed at least a 1-year probationary period in their current positions. A grievance is defined as the dissatisfaction that occurs when an employee believes that any condition affecting the employee is unjust, inequitable, or a hindrance to

effective operation. **Claims of discrimination and sexual harassment or claims related to suspensions, reductions in pay, demotions, and dismissals are not subject to the career service grievance process. . .**

Fla. Stat. § 110.227(4)(emphasis added). Accordingly, defendant's argument is without merit.

Additionally, while a Title VII claim does have an exhaustion of administrative remedies requirement, the required administrative procedures are set forth in 42 U.S.C. § 2000e-5(e), not state law procedural requirements.

The motion to dismiss on the basis of failure to exhaust administrative remedies is denied.

## C. Improper Joinder of Claims

The DOC next asserts that the Second Amended Complaint should be dismissed because Cross and Neal-Myers improperly joined their claims. Cross's claims have been dismissed, and only Neal-Myers's claims remain. The Court denies this portion of the motion to dismiss as moot.

## D. Count I

### 1. Fed. R. Civ. P. 8

The DOC asserts that Count I of the Second Amended Complaint should be dismissed because Count I fails to put it on notice as to the claims asserted against it in contravention of Fed. R. Civ. P. 8(a). Specifically, the DOC asserts that it is unclear whether Count I asserts a claim for disparate treatment, hostile work environment, or both. In response, plaintiff notes that in a

previous motion to dismiss, the DOC made this same complaint. Therefore, plaintiff filed the Second Amended Complaint to make clear that Count I seeks only to assert a disparate treatment claim. (Doc. #32, pp. 9-10.)

Title VII prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). This statute prohibits disparate treatment discrimination in which an employer discriminates against an employee because of the person's membership in a protected group. Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (en banc). Disparate treatment discrimination can take two forms—a tangible employment action or creation of a hostile work environment. Id.; Nurse "Be" v. Columbia Palms W. Hosp. LP., 490 F.3d 1302, 1308 (11th Cir. 2007).

To establish a *prima facie* case of disparate treatment by tangible employment action, a plaintiff must show that "(1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008); see also McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir. 2008) (similar). To state a claim for hostile work environment

under Title VII, plaintiff must allege facts which demonstrate: (1) that she belongs to a protected group, (2) that she was subjected to unwelcome harassment, (3) that the harassment was based on a protected characteristic, (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment, and (5) that the employer is either directly or vicariously responsible for the abusive work environment. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). Additionally, to be actionable, this behavior must result in both an environment "that a reasonable person would find hostile or abusive" and an environment that the victim "subjectively perceive[s] . . . to be abusive." Miller, 277 F.3d at 1276 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).

Plaintiff's assertion that she is claiming only disparate treatment in Count I is not helpful because there are two forms of disparate treatment and Count I arguably alleges both forms in a single count. Count I alleges disparate treatment under a hostile work environment theory by alleging that plaintiff belongs to a protected group (Doc. #28, ¶38); was subject to unwelcome harassment (id. at ¶43); the harassment was based on race (id. at ¶42); the harassment unreasonably interfered with her work environment (id. at ¶40); and her employer is vicariously responsible. (id. at ¶43.) Count I also contains the elements for disparate treatment under a tangible employment action theory when

the factual allegations are incorporated by reference. (<u>Id.</u> at ¶37.)  The Court finds that it would promote clarity if the separate claims in Count I are set forth in separate counts.  Fed. R. Civ. P. 10(b).  Accordingly, Count I will be dismissed without prejudice with leave to file an amended complaint setting forth the two claims for discrimination not set forth in Count I in separate counts.

### 2. Fed. R. Civ. P. 12(b)(6)

Because Count I is being dismissed with leave to refile, the Court need not address the separate issue of whether it sufficiently pleads a claim for disparate treatment under a tangible employment action theory.  In the amended complaint to be filed, plaintiff may more specifically plead the identification of a "similarly situated employee."

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss the Second Amended Complaint (Doc. #29) is **GRANTED IN PART AND DENIED IN PART**:

1. Defendant's request to dismiss the Second Amended Complaint as untimely and for failure to exhaust is **DENIED.**

2. Defendant's request to dismiss the Second Amended Complaint for improper joinder of claims is **DENIED AS MOOT.**

3. Defendant's request to dismiss Count I of the Second Amended Complaint pursuant to Fed. R. Civ. P. 8 and 12(b)(6) is **GRANTED** and Count I is **DISMISSED WITHOUT PREJUDICE.**

4. Plaintiff may file a Third Amended Complaint separating the claims currently in Count I into two separate counts, and making such other amendments as she deems appropriate, within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties